Cory R. Borgeson (ABA #8405009)
BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, AK  99701
Telephone:  (907) 452-1666
Facsimile:  (907) 456-5055
E-mail:  cborgeson@bnblaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, for the Use and Benefit of HONEYWELL INTERNATIONAL INC., and HONEYWELL INTERNATIONAL INC.,<br><br>                              Plaintiffs,<br><br>v.<br><br>PATRICK MECHANICAL, INC., WATTERSON/DAVIS JV, WATTERSON CONSTRUCTION CO., DAVIS CONSTRUCTORS & ENGINEERS, INC., TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>                              Defendants. | Case #:  F06-_____-CV<br><br>**COMPLAINT** |

Plaintiffs United States of America, for the use and benefit of Honeywell International Inc., and Honeywell International Inc., for their Complaint against the above-named defendants, state and allege as follows:

## PARTIES

1. Honeywell International Inc. ("Honeywell") is a Delaware corporation with its principal place of business located in Morristown, New Jersey.

2. Defendant Patrick Mechanical, Inc. ("Patrick") is an Alaska corporation with its principal place of business located in Fairbanks, Alaska.

3. Defendant Watterson/Davis JV ("Watterson/Davis") is a joint venture comprised of Defendant Watterson Construction Co. ("Watterson Construction"), an Alaska corporation, and Defendant Davis Constructors & Engineers, Inc. ("Davis Constructors), an Alaska corporation. Watterson/Davis, Watterson Construction, and Davis Constructors each have their principal place of business in Anchorage, Alaska.

4. Defendant Travelers Casualty & Surety Company of America ("Travelers") is a Connecticut corporation with its principal place of business located in Hartford, Connecticut.

5. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts corporation with its principal place of business located in Boston, Massachusetts.

## JURISDICTION AND VENUE

6. This action includes claims involving payment bonds provided for a federal government construction project. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1352 and 40 U.S.C. § 3133(b)(3). In addition, this Court has jurisdiction over the subject matter over the remaining counts, pursuant to 28 U.S.C. § 1367, because these counts are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy.

7. This Court also has diversity jurisdiction over this dispute, pursuant to 28 U.S.C. § 1332, because the claims are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

8. This action involves a payment dispute surrounding a federal government construction project at the Fort Wainwright army post at Fort Wainwright, Alaska. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391 and 40 U.S.C. § 3133(b)(3)(B), because the project is located in this judicial district and the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

9. Watterson/Davis contracted with the United States Army and the Army Corps. of Engineers (the "COE") for the construction of a Vehicle Maintenance Facility at the Fort Wainwright army post at Fort Wainwright, Alaska (the "Project"). Watterson/Davis served as the general contractor throughout the Project.

10. Based on information and belief, Watterson/Davis entered into a purported subcontract with Swaim Enterprises, Inc. ("Swaim") to perform mechanical work for the Project, and Swaim entered into a purported sub-subcontract with Patrick to perform this mechanical work.

11. On May 5, 2004, Patrick entered into a subcontract with Honeywell, under which Honeywell agreed to furnish certain labor and materials for the Project, including installing a carbon monoxide monitoring system at the Vehicle Maintenance Facility, for a fixed contract price of $397,371.00.

12.     On July 26, 2005, Honeywell and Patrick executed a change order increasing the original amount of Honeywell's subcontract by an additional $7,607.23.

13.     Throughout the course of the Project, Watterson/Davis and Patrick specifically directed Honeywell to furnish and install additional equipment and materials, and to provide additional labor and services, that were outside the original scope of Honeywell's subcontract. This additional directed work included furnishing and installing certain multi-gas detection units and related materials and components, and providing various operation, maintenance, repair, replacement, testing, calibration, and other services for the multi-gas detection units and monitoring system at the Vehicle Maintenance Facility.

14.     Honeywell specifically advised Watterson/Davis and Patrick that the directed work was outside the scope of Honeywell's contract, and that Honeywell would require additional compensation, on a time and materials basis, for the additional directed work.

15.     Honeywell provided Watterson/Davis and Patrick with information about Honeywell's standard and applicable rates and charges prior to completing any of the additional directed work. Honeywell also advised Watterson/Davis and Patrick that Honeywell would seek additional compensation for any additional work performed at the direction of Watterson/Davis and/or Patrick.

16.     Subject to, and notwithstanding, Honeywell's express notice, reservations, and conditions, Watterson/Davis and Patrick directed Honeywell to proceed with the additional directed work.

17.     Honeywell performed the additional directed work, while reserving its right to seek additional compensation for the work.

*United States of America, for the Use and Benefit of Honeywell International, Inc.,*
*and Honeywell International, Inc. v. Patrick Mechanical, Inc., et al.*
(Case No. F-04-____CV (  ))                                                                                        Page 4 of 11

18. Honeywell completed work under its original subcontract and the July 26, 2005, change order and completed the additional directed work in a timely manner and in accordance with the requirements for that work. All of Honeywell's work was performed at the direction of Watterson/Davis and Patrick and in furtherance of Watterson/Davis' and Patrick's respective contracts for the Project.

19. Watterson/Davis and Patrick inspected, received, accepted, and benefited from the labor and materials Honeywell furnished in connection with the Project.

20. Honeywell had no dealings with Swaim in connection with the Project. Based on information and belief, Swaim performed no actual labor or furnished no materials in connection with the Project. To the extent that Swaim had any dealings with respect to the Project, they were solely and exclusively as an affiliate of Patrick or under the full and complete direction and control of Patrick. Watterson/Davis dealt expressly and exclusively with Patrick and Honeywell in connection with the work each performed for the Project.

21. Honeywell is currently owed a total of $453,940.14 for work it performed in connection with the Project.

22. Honeywell has previously provided Watterson/Davis and Patrick with notice and a breakdown of these unpaid amounts. Despite repeated demands to Watterson/Davis and Patrick, these amounts remain unpaid.

23. Patrick, as principal, and Travelers, as surety, executed payment bond #104134784 (the "Travelers Bond") for the prompt payment of all persons supplying labor or materials used in the performance of, or completion of work for, Patrick's subcontract for the Project. Attached as Exhibit "A" is a copy of the Travelers Bond.

24. Watterson/Davis, as principal, and Liberty Mutual, as surety, executed payment bond #023-006-181 (the "Liberty Mutual Bond") for the prompt payment of all persons supplying labor or materials used in the performance of, or completion of work for, Watterson/Davis' contract for the Project. Attached as Exhibit "B" is a copy of the Liberty Mutual Bond. The Liberty Mutual Bond was furnished pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134, because the Project involved the construction of a building for the federal government.

25. Honeywell last furnished labor or materials for the Project on, or about, November 3, 2005. Honeywell provided written notice of its claims for all unpaid amounts to each of the defendants within ninety (90) days from the date it last furnished labor and materials for the Project.

## COUNT I

## BREACH OF CONTRACT

26. The allegations contained in paragraphs 1 though 25, above, are incorporated by reference as if fully set forth herein.

27. Honeywell entered into a contractual agreement with Patrick in which Patrick agreed to compensate Honeywell for labor and materials that Honeywell furnished in connection with the Project.

28. Honeywell has fully performed its contractual obligations to Patrick.

29. Patrick has breached its contractual agreement with Honeywell by, among other things, failing to pay Honeywell for the labor and materials Honeywell furnished in connection with the Project.

30.     Honeywell has been harmed by Patrick's breach of contract and is entitled to recover damages against Patrick in the principal sum of $453,940.14, together with accrued interest, and such other amounts as may be proven at trial.

## COUNT II

## CLAIM AGAINST THE TRAVELERS BOND

31.     The allegations contained in paragraphs 1 through 30, above, are incorporated by reference as if fully set forth herein.

32.     Honeywell has not been paid or compensated for certain labor and materials it furnished in connection with the Project.

33.     Honeywell has satisfied all of the requirements for pursuing a claim against the Travelers Bond, including, but not limited to, providing written notice of its claims and commencing this action in a timely manner.

34.     Under the terms and conditions of the Travelers Bond, and under applicable law, Honeywell is entitled to recover damages against Patrick and Travelers, jointly and severally, in the amount of $453,940.14, together with accrued interest, and such other amounts as may be proven at trial.

## COUNT III

## CLAIM AGAINST THE LIBERTY MUTUAL BOND

35.     The allegations contained in paragraphs 1 through 34, above, are incorporated by reference as if fully set forth herein.

36.     Honeywell has not been paid or compensated for certain labor and materials it furnished in connection with the Project.

37. Honeywell has satisfied all of the requirements for pursuing a claim against the Liberty Mutual Bond, including, but not limited to, providing written notice of its claim and commencing this action in a timely manner.

38. Honeywell functioned and operated as a second-tier subcontractor to Watterson/Davis throughout the Project because Swaim was not a bona fide subcontractor for the Project and is not a bona fide subcontractor under the Miller Act.

39. Swaim did not supply any labor or materials in connection with the Project and performed no work in connection with the Project.

40. To the extent that Swaim had any involvement with the Project, it was exclusively as an affiliate of, and controlled by, Patrick. Patrick and Swaim functioned and operated as a single entity and were treated as such by Watterson/Davis throughout the Project.

41. Any purported subcontract between Watterson/Davis and Swim was a mere sham or subterfuge and should be disregarded for purposes of Honeywell's claims against the Liberty Mutual Bond. Patrick had a direct relationship with Watterson/Davis throughout the Project and should be deemed a subcontractor of Watterson/Davis.

42. Under the terms and conditions of the Liberty Mutual Bond, under the Miller Act, and under applicable law, Honeywell is entitled to recover damages against Watterson/Davis and Liberty Mutual, jointly and severally, in the amount of $453,940.14, together with accrued interest, and such other amounts as may be proven at trial.

## COUNT IV

### UNJUST ENRICHMENT/QUANTUM MERUIT

43. The allegations contained in paragraphs 1 through 42, above, are incorporated by reference as if fully set forth herein.

44. Honeywell conferred a benefit upon Patrick and Watterson/Davis in the form of services rendered and materials supplied.

45. Patrick and Watterson/Davis had an appreciation and knowledge of the services and materials being supplied by Honeywell and the benefit thereby conferred.

46. Watterson/Davis and Patrick each accepted and received benefits from Honeywell under circumstances such that it would be unfair, unjust, and inequitable to allow Watterson/Davis and/or Patrick to retain these benefits without compensating Honeywell.

47. The reasonable value of the unpaid work performed by Honeywell (and conferred upon Watterson/Davis and Patrick) is equal to the outstanding amount owed to Honeywell.

48. Honeywell is entitled to recover damages against Watterson/Davis and Patrick in the principal sum of $453,940.14, together with accrued interest, under principals of unjust enrichment and/or quantum meruit.

## COUNT V

### ESTOPPEL

49. The allegations contained in paragraphs 1 through 48, above, are incorporated by reference as if fully set forth herein.

50. Throughout the course of their dealings with Honeywell, Watterson/Davis and Patrick made express and implied promises and representations to Honeywell. These promises

*United States of America, for the Use and Benefit of Honeywell International, Inc.,*
*and Honeywell International, Inc. v. Patrick Mechanical, Inc., et al.*
(Case No. F-04-____CV (   ))                                          Page 9 of 11

and representations include, but are not limited to, various promises, assurances, and acknowledgements that Honeywell would be compensated for labor and materials it furnished in connection with the Project.

51.   Watterson/Davis and Patrick knew, or reasonably should have known, that such promises and representations would induce action or forbearance by Honeywell. Watterson/Davis' and Patrick's promises and representations did, in fact, induce action and/or forbearance on the part of Honeywell to Honeywell's detriment. Honeywell's conduct and reliance was reasonable under the circumstances.

52.   Honeywell is entitled to recover damages against Watterson/Davis and Patrick, in the principal amount of $453,940.14, together with accrued interest, under principals of promissory estoppel and/or equitable estoppel.

## COUNT VI

## LIABILITY OF MEMBERS/PARTNERS

53.   The allegations contained in paragraphs 1 through 52, above, are incorporated by reference as if fully set forth herein.

54.   Watterson Construction and Davis Constructors are currently joint venturers, members, and/or partners of Watterson/Davis and have been joint venturers, members, and/or partners of Watterson/Davis at all times material to this lawsuit.

55.   As joint venturers, members, and/or partners, Watterson Construction and Davis Constructors are each jointly and severally liable for the debts and obligations of Watterson/Davis.

*United States of America, for the Use and Benefit of Honeywell International, Inc.,
and Honeywell International, Inc. v. Patrick Mechanical, Inc., et al.*
(Case No. F-04-____CV (   ))                                               Page 10 of 11

56. Honeywell is entitled to recover damages against Watterson Construction and Davis Constructors, jointly and severally, in the amount of $453,940.14, together with accrued interest, and such other amounts as may be proven at trial.

WHEREFORE, Plaintiffs respectfully request the following relief from this Court:

1. For judgment in favor of Honeywell, and against Patrick, Watterson/Davis, Watterson Construction, Davis Constructors, Travelers, and Liberty Mutual, jointly and severally, in the amount of $453,940.14, or such other amounts as may be proven at trial;

2. For an award of costs, disbursements, interest, and attorney's fees; under applicable law; and

3. For such other and further relief as the Court deems just and equitable.

Dated: June 23, 2006.

        s/ Cory R. Borgeson

        BORGESON & BURNS, P.C.
        100 Cushman Street, Suite 311
        Fairbanks, Alaska  99701
        Telephone:  (907) 452-1666
        Facsimile:  (907) 456-5055
        E-mail: cborgeson@bnblaw.com
        ABA #8405009

        David G. Parry (ABA #9611053)
        LEONARD, STREET AND DEINARD
          Professional Association
        150 South Fifth Street, Suite 2300
        Minneapolis, MN  55402
        Telephone:  (612) 335-1500
        Facsimile:  (612) 335-1657
        E-mail: david.parry@leonard.com

        ATTORNEYS FOR PLAINTIFFS