Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334

Attorneys for Patrick Mechanical, Inc.
And Travelers Casualty & Surety Company of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of HONEYWELL INTERNATIONAL, INC., AND HONEYWELL INTERNATIONAL, INC.<br><br>Plaintiffs,<br><br>and<br><br>PATRICK MECHANICAL, INC., WATTERSON/DAVIS JV, WATTERSON CONSTRUCTION CO., DAVIS CONSTRUCTORS & ENGINEERS, INC., TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA AND LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | |
| | No. 4:06-cv-00017 RRB |

### DEFENDANTS PATRICK MECHANICAL INC AND TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS

Defendant Patrick Mechanical Inc., ("Patrick") and Defendant Travelers casualty & Surety Company of America ("Travelers") for their Joint Answer, Affirmative Defenses and Third-Party Complaint allege as follows:

1

## I.
## ANSWER

1.1     Answering paragraph 1 of Plaintiff's Complaint, Patrick and Travelers are without sufficient information to form a belief as to the truth or falsity of the allegations or statements contained in paragraph 1 and therefore deny same.

1.2     Answering paragraph 2 of Plaintiff's Complaint, Patrick and Travelers admit same.

1.3     Answering paragraph 3 of Plaintiff's Complaint, Patrick and Travelers admit same.

1.4     Answering paragraph 4 of Plaintiff's Complaint, Patrick and Travelers admit same.

1.5     Answering paragraph 5 of Plaintiff's Complaint, Patrick and Travelers admit same.

1.6     Answering paragraph 6 of Plaintiff's Complaint, Patrick and Travelers admit that this action includes claims involving payment bonds provided for a federal government project. As to all other allegations contained in paragraph 6, Patrick and Travelers are without sufficient knowledge to form a belief as to the truth or falsity of the allegation or statement contained in paragraph 6 and therefore deny same.

1.7     Answering paragraph 7 of Plaintiff's Complaint, Patrick and Travelers are without information sufficient to form a belief as to the truth or falsity of the allegation or statement contained in paragraph 7 and therefore deny same.

1.8     Answering paragraph 8 of Plaintiff's Complaint, Patrick and Travelers admit that this action involves a payment dispute pertaining to a federal government construction project at the Fort Wainwright army post at Fort Wainwright, Alaska. As to the remaining allegations, Patrick and Travelers are without information sufficient to form a belief as to the truth or falsity of the allegation or statements and therefore deny same.

1.9     Answering paragraph 9 of Plaintiff's Complaint, Patrick and Travelers admit same.

1.10    Answering paragraph 10 of Plaintiff's Complaint, Patrick and Travelers admit same.

1.11    Answering paragraph 11 of Plaintiff's Complaint, Patrick and Travelers admit that Patrick entered into a subcontract with Honeywell International, Inc. The terms of the Subcontract are written and speak for themselves. All allegations in paragraph 11 inconsistent with the terms of the Subcontract are denied.

1.12    Answering paragraph 12 of Plaintiff's Complaint, Patrick and Travelers admit that Patrick executed a change order with Honeywell increasing Honeywell's Subcontract amount. The terms of the change order are in writing and speak for themselves. All allegations in paragraph 12 to the extent they conflict with the terms of the written change order, are denied.

1.13    Answering paragraph 13 of Plaintiff's Complaint, any direction Honeywell received from Patrick was direction that was provided to Patrick by Defendant Watterson/Davis and/or Corps of Engineers ("COE"). Patrick did not direct Honeywell work for which Patrick did not receive direction from Watterson/Davis and/or the COE. All other allegations contained in paragraph 13 are denied.

1.14    Answering paragraph 14 of Plaintiff's Complaint, Plaintiff's contentions are so broad and do not reference specific instances, that Patrick and Travelers are without sufficient knowledge to form a belief as to the truth or falsity of the allegations or statements contained in paragraph 14, and therefore, deny same.

1.15    Answering paragraph 15 of Plaintiff's Complaint, Patrick and Travelers admit that Honeywell provided Patrick with information concerning Honeywell's labor rates. All other allegations contained in paragraph 15 are denied.

1.16   Answering paragraph 16 of Plaintiff's Complaint, Patrick and Travelers admit that Honeywell performed work that it claimed to be beyond the scope of its Subcontract. All other allegations contained in paragraph 16 are 17 denied.

1.17   Answering paragraph 17 of Plaintiff's Complaint, Patrick and Travelers admit that Honeywell performed work that it claimed to be additional directed work and indicated it would seek compensation for such work. All other allegations contained in paragraph 17 are denied.

1.18   Answering paragraph 18 of Plaintiff's Complaint, Patrick and Travelers admit that Honeywell completed its Subcontract work. All other allegations contained in paragraph 18 are denied.

1.19   Answering paragraph 19 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.20   Patrick admits that it dealt with Honeywell and to the best of Patrick's knowledge Honeywell had no dealings with Swaim. All other allegations contained in paragraph 20 are denied.

1.21   Answering paragraph 21 of Plaintiff's Complaint, Patrick and Travelers admit that Honeywell may be entitled to some recovery, provided that Honeywell succeeds in its pass-through claim which is presently pending before the COE for consideration. All other allegations contained in paragraph 21 are denied.

1.22   Answering paragraph 22 of Plaintiff's Complaint, Patrick admits that it has been provided with a breakdown of Honeywell's alleged unpaid amounts, which amounts have been passed through to Watterson/Davis and to the COE as envisioned by the Subcontract and the parties' Claim Prosecution Agreement. All other allegations contained in paragraph 22 are denied.

1.23   Answering paragraph 23 of Plaintiff's Complaint, Patrick and Travelers admit same.

1.24   Answering paragraph 24 of Plaintiff's Complaint, Patrick and Travelers admit same.

1.25   Answering paragraph 25 of Plaintiff's Complaint, Patrick and Travelers are without sufficient information to form a belief as to the truth or falsity of the allegation or statement contained in paragraph 25 and therefore deny same.

1.26   Answering paragraph 26 of Plaintiff's Complaint, Patrick incorporates its answers to paragraphs 1.1-1.25 above, as if fully set forth herein.

1.27   Answering paragraph 27 of Plaintiff's Complaint, Patrick and Travelers admit that Honeywell entered into a Subcontract with Patrick. The Subcontract is a written document which speaks for itself. All allegations contained in paragraph 27 inconsistent with the written terms of the Subcontract are denied.

1.28   Answering paragraph 28 of Plaintiff's Complaint, Patrick and Travelers admit that Honey has performed its Subcontract obligations owed to Patrick.

1.29   Answering paragraph 29 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.30   Answering paragraph 30 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.31   Answering paragraph 31 of Plaintiff's Complaint, Patrick and Travelers incorporate their answers to paragraphs 1.1-1.30 above as fully set forth herein.

1.32   Answering paragraph 32 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.33   Answering paragraph 33 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.34   Answering paragraph 34 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.35   Answering paragraph 35 of Plaintiff's Complaint, Patrick and Travelers incorporate their answers to paragraphs 1.1-1.34 above as fully set forth herein.

1.36   Answering paragraph 36 of Plaintiff's Complaint, Patrick and Travelers admit that Honeywell has not been paid or compensated for certain labor and materials that it furnished in connection with the Project, however, no compensation is due until and unless Patrick is paid by Watterson/Davis for such work.

1.37   Answering paragraph 37 of Plaintiff's Complaint, Patrick and Travelers are without sufficient information to form a belief as to the truth or falsity of the allegation or statement contained in paragraph 37 and therefore deny same.

1.38   Answering paragraph 38 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.39   Answering paragraph 39 of Plaintiff's Complaint, Swaim's responsibility with regard to the project are the subject of written documentation which speaks for itself. To the extent the allegations contained in paragraph 39 or inconsistent with that written documentation and Project record, those allegations are denied.

1.40   Answering paragraph 40 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.41   Answering paragraph 41 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.42   Answering paragraph 42 of Plaintiff's Complaint, Patrick and Travelers are without sufficient information to form a belief as to the truth or falsity of the allegation or statement contained in paragraph 42 and therefore deny same.

1.43   Answering paragraph 43 of Plaintiff's Complaint, Patrick and Travelers incorporate their answers to paragraphs 1.1-1.42 above, as if fully set forth herein.

1.44   Answering paragraph 44 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.45 Answering paragraph 45 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.46 Answering paragraph 46 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.47 Answering paragraph 47 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.48 Answering paragraph 48 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.49 Answering paragraph 49 of Plaintiff's Complaint, Patrick and Travelers incorporate their answers to paragraphs 1.1-1.48 above, as if fully set forth herein.

1.50 Answering paragraph 50 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.51 Answering paragraph 51 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.52 Answering paragraph 52 of Plaintiff's Complaint, Patrick and Travelers deny same.

1.53 Answering paragraph 53 of Plaintiff's Complaint, Patrick and Travelers incorporate their answers to paragraphs 1.1-1.52 above, as if fully set forth herein.

1.54 Answering paragraph 54 of Plaintiff's Complaint, Patrick and Travelers are without sufficient information to form a belief as to the truth or falsity of the allegation or statement contained in paragraph 54 and therefore deny same.

1.55 Answering paragraph 55 of Plaintiff's Complaint, Patrick and Travelers are without sufficient information to form a belief as to the truth or falsity of the allegation or statement contained in paragraph 55 and therefore deny same.

1.56 Answering paragraph 56 of Plaintiff's Complaint, Patrick and Travelers are without sufficient information to form a belief as to the truth or falsity of the allegation or

statement contained in paragraph 56 and therefore deny same.

## II.

## AFFIRMATIVE DEFENSES

2.1    Honeywell's claims are subject to the terms and conditions of Patrick's Subcontract with Honeywell and all amendments and addenda thereto.

2.2    Honeywell fails to state a claim upon which relief can be granted.

2.3    Honeywell's claims are premature, unripe and barred by the terms of a Claim Prosecution Agreement pursuant to which Honeywell agreed to stay any action against Patrick and Travelers.

2.4    Honeywell's claims are barred by failure of express, implied and constructive conditions.

2.5    There is no causation between any conduct of Patrick and/or Travelers and the alleged damages, if any, Honeywell may have suffered.

2.6    Patrick and Travelers reserve the right to assert further affirmative defenses as the investigation of this matter continues.

## III.

## CROSS-CLAIM AGAINST WATTERSON CONSTRUCTION AND DAVIS CONSTRUCTORS AND ENGINEERS, INC. FOR BREACH OF CONTRACT

3.1    The allegations of 1.1 through 2.6 above are incorporated herein by reference as if fully set forth at length.

3.2    Patrick is, and at all relevant times hereto was, an Alaska corporation with its principal place of business in Fairbanks, Alaska. Patrick is, and was at all times relevant hereto, registered and bonded in the State of Alaska as a mechanical contractor, and has paid all corporation tax when due, has filed its corporate report for the last reporting period, and is otherwise authorized and qualified to maintain this action.

  3.3 Swaim Enterprises, Inc. ("Swaim") is an Alaska corporation with its principal place of business in Fairbanks, Alaska. Swaim is a registered and bonded construction contractor in the state of Alaska.

  3.4 On or about January 6, 2004, Watterson/Davis and Swaim executed a subcontract ("Subcontract") for labor, materials, equipment and supervision for construction

  3.5 On or about January 13, 2004, Swaim and Patrick executed a subcontract (second-tier subcontract) for performance of labor, materials, equipment and supervision for certain mechanical portions of the Project.

  3.6 On May 5, 2004, Patrick and Honeywell executed a subcontract (third-tier subcontract) for Honeywell to provide labor, materials, equipment and supervision for the construction of the controls portion of the Project, more specifically, technical sections 15951 and 15995.

  3.7 Swaim transferred and assigned to Patrick any and all recovery associated with "Honeywell's Claim" (see Claim Prosecution Agreement dated March 13, 2006), the COE unilateral modification ($428,227), and the Subcontract balance owed by Watterson/Davis. As assignee of Swaim's rights under the Subcontract, Patrick is pursuing both Swaim and Patrick's interests in its cross-claims. Patrick, the assignee of Swaim's rights, and Patrick pursuing its contract and legal rights and will be referred to as "Patrick" in the cross-claims.

  3.8 Despite demand, in breach of its Subcontract express and implied obligations, representations and warranties, Watterson/Davis has failed and refused to pay Patrick $153,237.27 in Subcontract balance due and owing.

  3.9 Watterson/Davis's failure to pay constitutes a breach of the Subcontract, which breach proximately caused damages to Patrick in the amount to be more fully proven at time of trial, but in event less than $153,237.27, plus interest accrued thereon at the highest rate allowed by law until time of judgment.

IV.

**CROSS-CLAIM AGAINST WATTERSON/DAVIS'S BONDING CO. LIBERTY**

4.1     The allegations of 1.1 through 3.9 above are incorporated herein by reference as if set forth at length.

4.2     Patrick is among the class of beneficiaries of the bond issued by Liberty Mutual Insurance Company ("Liberty") and is entitled to recover from Liberty the full amount of indebtedness owed by Watterson/Davis.

4.3     Watterson/Davis failure and refusal to pay Patrick as aforesaid entitles Patrick to recover the full amount of not less that $153,237.27 from the bond issued by Liberty.

4.4     Liberty has not fulfilled its obligations imposed by law and statute to satisfy the indebtedness of Patrick.

4.5     In accordance with the Federal Miller Act, 40 USC § 270(a) Patrick is entitled to judgment against the bond for the full amount of the indebtedness to Patrick in an amount of not less that $153,237.27, plus interest accrued the highest rate allowed by law.

V.

**CROSS-CLAIM FOR UNJUST ENRICHMENT/**

**QUANTUM MERUIT (WATTERSON/DAVIS AND LIBERTY)**

5.1     The allegations of 1.1 through 4.5 above are incorporated herein by reference as if fully set forth at length.

5.2     Watterson/Davis has failed and refused, upon demand, to reimburse and pay Patrick the reasonable value of the work performed by Patrick, provided to and incorporated into the Project.

5.3     As a result, Watterson/Davis has been unjustly enriched and is liable to Patrick for the reasonable value of the work provided to which is incorporated into the Project, which is in the amount of $153,237.27 together with interest accrued and accruing

thereon at the highest rate allowed by law until paid in full.

## VI.
## CROSS-CLAIM FOR CLAIM OVER AGAINST WATTERSON/DAVIS AND LIBERTY

6.1     The allegations of 1.1 through 6.3 are incorporated herein by reference as if fully set forth at length.

6.2     Honeywell has made a claim ("Honeywell Claim") in the amount of $453,940.14 against Patrick for alleged extra work performed at the Project. To the extent that Honeywell's Claims is proved, then Watterson/Davis and Liberty are responsible for such damages in the amount so proved.

6.3     To the extent Honeywell prevails on any of its claims against Patrick, Watterson and Liberty are liable to Patrick to the same extent Patrick is liable to Honeywell.

6.4     Patrick hereby tenders the defense of the Honeywell claim to defendants Watterson/Davis and Liberty and requests that Watterson/Davis and Liberty defend, indemnify and hold Patrick harmless from any and all claims, demands, suits, expenses and judgments of any kind arising out of the facts or allegations made in Honeywell's Claim.

## VII.
## PRAYER FOR RELIEF

Wherefore Patrick prays for judgment as follows:

7.1     As against Watterson/Davis and Liberty for breach of contract, quantum meruit and claim over in the amount of $153,237.27 or more, the exact amount to be proved at time of trial.

7.2     For an order staying this cause of action as Honeywell agreed in its Claim Prosecution Agreement.

7.3     For a claim over against Watterson/Davis and Liberty in such amount proved and substantiated by Honeywell, if any, on Honeywell's Claim of $453,940.14.

7.4 Prejudgment interest from the date of various amounts owed in accordance with Alaska law.

7.5 Attorneys' fees incurred by Patrick as a result of the defendant's failure to pay the account balance owed. It has been necessary for Patrick to engage attorneys to obtain such payment.

7.6 Such additional amounts as may be established at time of trial.

7.7 Taxable costs and disbursements herein.

7.8 Such further and additional relief as the court may deem appropriate.

Dated this 5th day of September, 2006.

/s Herbert A. Viergutz

Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: (907) 276-8010
Facsimile: (907) 276-5334
barmar@gci.net
Alaska Bar No. 8506088

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a copy of this document
was served by electronic notification on this 5th day
of September, 2006, to:

Cory R. Borgeson
Borgeson & Burn, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701

Mary L. Pate
Eide, Miller & Pate P.C.
425 G Street, Suite 930
Anchorage, AK 99501

/s Herbert A. Viergutz